*Weng v. Sessions*

BIA
Van Wyke, IJ
A087 783 685

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of July, two thousand eighteen.

PRESENT:
>        JOSÉ A. CABRANES,
>        ROSEMARY S. POOLER,
>        CHRISTOPHER F. DRONEY,
>             *Circuit Judges.*
_____

JIA MING WENG,
>        *Petitioner,*

>    v.                                           16-3011
>                                                 NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*
_____

FOR PETITIONER:          Mona Liza F. Lao, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Holly M. Smith,
                         Senior Litigation Counsel; Nehal
                         H. Kamani, Trial Attorney, Office
                         of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Ming Weng, a native and citizen of the People's Republic of China, seeks review of an August 3, 2016, decision of the BIA affirming a February 27, 2015, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Ming Weng,* No. A 087 783 685 (B.I.A. Aug. 3, 2016), *aff'g* No. A 087 783 685 (Immig. Ct. N.Y. City Feb. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. 8 U.S.C.

§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on the applicant's "demeanor, candor, or responsiveness," the "inherent plausibility of the applicant's . . . account," any inconsistencies in the applicant's oral or written statements, or "any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Weng was not credible. The agency reasonably relied on internal inconsistencies in Weng's testimony about where he attended his first house church service after his arrest, and whether he called the pastor to find out where the service would be. It also properly considered that Weng's testimony was implausible when he stated that he did not know any of the guards at the house church services, although he attended

services regularly for two years and knew that the guards were church members who were assigned by the pastor. 8 U.S.C. § 1158(b)(1)(B)(iii); *Ming Xia Chen v. B.I.A.*, 435 F.3d 141, 146 (2d Cir. 2006). The agency's negative demeanor finding, which Weng does not challenge, provides further support for the adverse credibility ruling. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). And Weng's corroborating evidence did not rehabilitate his testimony, especially because the baptism certificate he submitted was a fill-in-the-blank form that seemed to be from a government-sanctioned church rather than an illegal house church. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

These discrepancies call into question whether Weng attended a house church in China and provide substantial evidence for the agency's determination that Weng's past persecution claim was not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. To the extent that Weng relies on the alleged past persecution to argue that he is eligible for asylum, withholding of removal, and CAT relief, this adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d

4

148, 156-57 (2d Cir. 2006).  And Weng does not challenge the agency's conclusion that he failed to establish a well-founded fear of persecution or a likelihood of torture based on his current practice of Christianity.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court